IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| GISELA VAZQUEZ VAZQUEZ; WILLIAM CRUZ VARGAS<br><br>Plaintiffs<br>v.<br><br>BANCO POPULAR DE PUERTO RICO COLLAZO, CONNELLEY, & SURILLO, LLC.<br><br>Defendant | Civil No. 23-1191<br><br>VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT; ACTUAL AND PUNITIVE DAMAGES |

## CLASS ACTION COMPLAINT

**COMES NOW,** Plaintiffs, Gisela Vazquez Vazquez and William Cruz Vargas, on behalf of themselves and, pursuant to Rule 23 of the Federal Rules of Civil Procedure, all others similarly situated, through the undersigned counsel, and before this Honorable Court respectfully **STATE**, **ALLEGE** and **PRAY** as follows:

### I.   INTRODUCTION

1. This action seeks redress for the unlawful and deceptive collection practices engaged by the Defendants in connection with their efforts to collect on a consumer debt against Plaintiff and others similarly situated (coupled, "Plaintiffs").

2. Plaintiffs allege that Defendant Banco Popular de Puerto Rico, in the process of collecting its own debts, uses false names in violation of the FDCPA. For example, Defendant CC&S and dozens of other law firms in Puerto Rico, 'lease' or 'rent' their letterheads and attorney signatures to Defendant BPPR – to falsely create the false impression upon consumers that attorneys and law firms are collecting from them when in fact, it is Defendant BPPR. Attorneys for Defendant BPPR have stated in legal pleadings that:  (a) BPPR drafts the collection letters; (b)

1

that the attorneys signing the letters are not authorized to change and/or edit the letters; (c) that the "Straw Law Firms" are obligated to use the collection letter without edits; (d) that BPPR handles all inquiries and responses that flow from the collection efforts; (e) that the Straw Law Firms are merely paid on a flat fee for the use of their letterheads and attorney signatures; and (f) the BPPR handles all payments that flow from the collection efforts. In summary, the Plaintiffs alleged that the "Straw Law Firms" have no involvement in the debt collection. Accordingly, BPPR is a "debt-collector" under the false-name exception of the FDCPA. Because in connection with the collection of its own debts Defendant Popular has falsely represented that the Straw Law Firms are meaningfully involved, Defendant BPPR has made false representations in violation of Section 1692e of the FDCPA.

3. Plaintiffs also allege that Defendant Collazo, Connelley, & Surillo, LLC. "rented" or authorized the use of its name, letterhead, and the signature of its attorneys to facilitate Defendant Banco Popular's collection efforts by and through creating the false impression that Defendant CC&S was involved in the debt collection efforts. In fact, Defendant CC&S was not "meaningfully involved" in the debt collection process – as it has previously admitted in legal pleadings - accordingly, Defendant CC&S also violated the Fair Debt Collection Practice Act ("FDCPA").

4. Plaintiffs brings Counts I, II, and III against Defendant Banco Popular on their own behalf and on behalf of others similarly situated. By and through the use of dozens of Straw Law Firms in Puerto Rico, Defendant Popular has misrepresented the identity of the debt collector to thousands of Puerto Rico residents in just the past year. Defendant Popular utilizes this illegal gimmick in the context of mortgage foreclosure actions. Accordingly, Defendant Popular has falsely misrepresented to thousands of Puerto Rico residents that their mortgage loans have been

referred to a "foreclosure attorney" for collection, when in fact, the collection is still being handled maintained, and managed by Defendant Banco Popular. This action seeks redress for those thousands of Puerto Rico residents who have been subjected to Defendant Popular's legal misrepresentations. Plaintiff brings Count IV on an individual basis against Defendant CC&S.

5. Plaintiffs request declaratory and injunctive relief, as well as monetary, and punitive and actual damages based on violations of 15 U.S.C. §1692.

## II.   JURISDICTION AND VENUE

1. Jurisdiction is invoked under the provision 28 U.S.C. §1331, 15 U.S.C. §1692 and 28 U.S.C. §1334.

2. Venue is proper in this District because all the events and omissions giving rise to the claims asserted in the Complaint occurred within this judicial district. In addition, Defendant Defendant Banco Popular de Puerto Rico does business in this District.

## III.   THE PARTIES

3. Plaintiffs, **Gisela Vazquez Vazquez and William Cruz Vargas (hereafter, "Plaintiffs")** Plaintiffs are citizens of the Commonwealth of Puerto Rico, residing in the municipality of Arecibo. The Plaintiffs are individuals, accordingly, have standing to sue and be sued and appear as "**Plaintiffs**". Plaintiffs are both "consumers" as such term is defined by the FDCPA.

4. Defendant, **Banco Popular de Puerto Rico** (hereinafter referred to as **"Popular," "BPPR"** or "**Defendant**") is a for profit corporation registered to do business under the laws of the Commonwealth of Puerto Rico. Defendant has standing to sue and be sued. Popular is a "debt collector" as such term is defined under Section 1692(a)(6) of the FDCPA. Defendant committed

and/or participated in acts against Plaintiffs in violation of the Fair Debt Collection Practices Act and therefore is responsible for the acts and damages discussed in this Complaint.

5. Defendant, **Collazo, Connelly & Surillo, LLC**. (hereinafter, "CCS," or "Defendant," or, collectively with Defendant Collazo, "Defendants") is a Puerto Rico Domestic For-Profit Corporation and law firm engaged in the business of collecting consumer debts and other legal services, which operates from offices located at Doral Bank Plaza, 33 Resolución St. Suite 201, San Juan, PR 00920-2727.

6. **Insurance Companies X, Y and/or Z**, (hereinafter, "INSURANCE COMPANIES X, Y and/or Z"), are the insurance companies of the Defendant in this proceeding who are liable for the acts against Plaintiffs in violation of the Fair Debt Collection Practices Act provisions and are therefore responsible for the damages and acts alleged in this complaint.

## IV.    THE FACTS

### a. General Allegations

7. Plaintiffs re-allege each and every previous allegation as if fully established herein.

8. On/or before April 22, 2022, Plaintiffs allegedly accumulated a debt with Defendant Banco Popular de Puerto Rico (the "Consumer Debt").  The Consumer Debt was related to a loan Plaintiffs obtained to purchase their primary residence.  Accordingly, the Debt was a "consumer debt" as such term is defined under the FDCPA.

9. On or before April 22, 2022, BPPR drafted, designed, and created a form letter which Popular uses to collect on Popular's own debts (hereinafter referred to as the "Form Letter").

10. On or before April 22, 2022, BPPR contracted with multiple law firms for BPPR to utilize the law firms names and letter-heads in Popular's efforts to collect on its own debts (the "Straw Law Firms").

11. On April 22, 2022, Defendant Popular attempted to collect from Plaintiff by causing CC&S to be mail to Plaintiff the Form Letter (the "Demand Letter").

12. By and through the Demand Letter, Defendant Popular attempted to collect from Plaintiff the Consumer Debt; a debt allegedly owed by Plaintiff to Defendant Popular.

13. CC&S had no involvement in the drafting or redaction of the Form Letter and/or the Demand Letter other than including the law firm's information in the letterhead and adding the Attorney's signature.

14. CC&S did not review, edit, comment or was not otherwise meaningfully involved in the drafting of the Form Letter and/or the Demand Letter.

15. CC&S is not authorized by Defendant Popular to edit the Form Letter.

16. All responses, inquiries, questions, or payments in response to the Demand Letter were to be directed directly to Defendant Popular.

17. Defendant Popular merely paid CC&S a "flat fee" for the mailing of the Demand Letter.

18. Banco Popular utilized the letter head of CC&S – a "law firm" – and the signature of the "attorney" to falsely represent to Plaintiff that a law firm had been retained to collect on the Consumer Debt.

19. By and through the April 22 2022 Form Letter, Defendant Banco Popular attempted to collect from Plaintiff the Consumer Debt, allegedly owed to Defendant Banco Popular, through the use of CC&S.

20. BPPR, in the process of collecting its own debts, uses names other than its own to suggest that a third party is collecting or attempting to collect such debts.

21. Here, BPPR used CC&S name to collect on the Consumer Debt.

22. The Demand Letter was sent through means of interstate commerce; namely, via first-class United States Mail.

23. Amongst others, the Demand Letter: (a) requested payment on the Debt; (b) threatened Plaintiff with legal action if payment on the Debt was not received within thirty (30) days; (c) threatened to charge Plaintiff with costs, legal expenses, and attorney fees if legal action were necessitated; and (d) threatened to attach Plaintiff's property via a legal action to collect on the Debt.

24. In mailing the Demand Letter, Defendant Banco Popular violated the FDCPA.

**b. Allegations Related to Fact That Defendant Banco Popular is a Debt Collector.**

25. The FDCPA defines a "Debt Collector" to include, "any creditor who, in the process of collecting his own debts, uses any name other than his own which would indicate that a third person is collecting or attempting to collect such debts."

26. Defendant Banco Popular utilizes the name of CC&S, and other Straw Law Firms, to indicate that CC&S and the Straw Las Firms are collecting on behalf of Defendant Banco Popular.

27. The indication that CC&S and the other Straw Law Firms are collecting on behalf of Defendant Popular is false.

28. In fact, at all relevant times herein, Defendant Popular and Defendant Popular only controlled, managed, and directed the collection of the debts against Plaintiff and other similarly situated.

29. On or before April 22, 2022, BPPR drafted, designed, and created a form letter which Popular uses to collect on Popular's own debts (hereinafter referred to as the "Form Letter").

30. On or before April 22, 2022 BPPR contracted with dozens of law firms for BPPR to utilize the law firms names and letter-heads in its efforts to collect on its own debts (the "Straw Law Firms").

31. Some of the Straw Law Firms utilized by BPPR in the collection of its own debts include, but are not limited to, the Law Offices of Juan H. Soto Sola, SARLAW, LLC., Collazo, Connelly & Surillo, LLC., Fortuno & Fortuno Fas, CSP., Martinez Torres Law Offices, PSC., Velman E. Diaz Carrasquillo, and Bellver Law Firm, amongst others.

32. In public filings, one the Straw Law Firms has admitted that "[t]hey receive a flat fee for sending the [Form Letter]." *See*, Torres Melendez v. Collazo Conelly & Surillo, LLC., Case #19-00400-ESL, Dk. #63, at *4.

33. In public filings, one of the Straw Law Firms has admitted that the Form Letter "is a template prepared and supplied by BPPR to its attorneys." *See*, Torres Melendez v. Collazo Conelly & Surillo, LLC., Case #19-00400-ESL, Dk. #63, at *4.

34. In public filings, one of the Straw Law Firms has admitted that the Form Letter "is a template prepared by BPPR and [Straw Law Firms] are not authorized to make changes to it." *See*, Torres Melendez v. Collazo Conelly & Surillo, LLC., Case #19-00400-ESL, Dk. #63, at *19.

35. The Form Letter, among other things, states that all communications should be made through BPPR.

36. In public filings, one of the Straw Law Firms has admitted that the Straw Law Firms "do not handle queries about payments or status of debt. Those are handled by BPPR and the [Form Letter] provides BPPR's Loss Mitigation phone number." *See*, Torres Melendez v. Collazo Conelly & Surillo, LLC., Case #19-00400-ESL, Dk. #63, at *22.

37. The Form Letter, among other things, states that all information related to the Form Letter should be requested directly from BPPR.

38. In Defendant Popular's collection letter – i.e., the Form Letter - the contact information extended to customers are the phone numbers and addresses of Defendant BPPR.

39. In public filings, one of the Straw Law Firms has admitted "that the telephone number provided [in the Form Letter [to obtain[] information about their loan and payments belongs to BPPR, not to [the Straw Law Firms]. *See*, Torres Melendez v. Collazo Conelly & Surillo, LLC., Case #19-00400-ESL, Dk. #63, at *11.

40. The Form Letter advises clients to make payments directly to BPPR.

41. In public filings, one of the Straw Law Firms has "affirmatively alleged that Defendants [i.e., a Straw Law Firm] do not handle any amount of money due to BPPR, since any payment by a debtor must be made directly to BPPR, nor do they receive any compensation for payments made to BPPR. They receive a flat fee for sending the [Form Letter]." *See*, Torres Melendez v. Collazo Conelly & Surillo, LLC., Case #19-00400-ESL, Dk. #63, at *4.

42. Because the Form Letter was drafted by BPPR, because BPPR does not authorize or allow the editing of the Form Letter, because BPPR obligates all Straw Law Firms to use the Form Letter, because the Form Letter mandates that all inquires and responses to the Form Letter be directed to BPPR, because BPPR handles all payments in response to the Form Letter, and because the Straw Law Firms are paid a flat-fee for the limited use of their letter heads and the signature of their attorneys; Defendant Banco Popular is a debt collector under the so-called False Name Exception of the FDCPA.

   **c. Facts Related to Allegation that Defendant CC&S Had No Meaningful Involvement.**

8

43. The Demand Letter was sent to Plaintiffs by Defendant CC&S, on behalf of Defendant Banco Popular de Puerto Rico ("BPPR").

44. The Demand Letter was drafted and prepared by Defendant Banco Popular.

45. The Demand Letter was mailed without any meaningful involvement from the Defendant CC&S.

46. The Demand Letter bore Defendant CCS's letterhead and the signature of Attorney Connelly Pagan, however, no attorney at the law firm meaningfully reviewed or authorized the letter before it was sent to the Plaintiffs.

47. The Demand Letter bore Defendant CCS's letterhead and the signature of Attorney Connelly Pagan, however, no attorney at the law firm meaningfully reviewed the account balance to determine how the balance was calculated or if the balance was correct before the letter was sent to the Plaintiffs.

48. The Demand Letter bore Defendant CCS's letterhead and the signature of Attorney Connelly Pagan, however, no attorney at the law firm has knowledge of whether the account balance being sought is correct.

49. The Demand Letter bore Defendant CCS's letterhead and the signature of Attorney Connelly Pagan, however, no attorney at the law firm reviewed the collection file or made a determination about the legal validity of the alleged debt before the letter was sent to the Plaintiff.

50. As a salient example of the lack involvement of CCS in the preparation and revision of the Demand Letter is that the letter falsely discloses the amount owed by the Plaintiffs.

51. Upon information and belief, before seeking to collect the alleged debt under the auspices of a law firm, no attorney at the CCS actually reviews the statement of Plaintiffs' account in a manner which allows the attorney to make certain legal judgments, which in the exercise of

ordinary due diligence, an attorney would make in attempting to collect a debt associated with a consumer debt such as: (1) the date the consumer's account was opened (i.e., to determine whether the debt obligation was subject to legal or equitable defenses including applicable statute of limitations); (2) the date of each charge that was applied to the consumer's account; (3) the amount and date of each payment applied to the consumer's account; and (4) the method, rate, and means of computing interest on the consumer's account.

   d. **Allegations as to Damages Common To All Plaintiffs**

52. As a result of Defendants' false representations and deceptive representations, Plaintiffs suffered tangible and intangible injuries.

53. For example, Plaintiff's false and deceptive communication invaded the Plaintiff's privacy. Specifically, the false representation that a law firm was intending to foreclose Plaintiff's home, was a false representation that deprived Plaintiff's of their right to seclusion and their right to privacy.

54. In addition, the "flat fee" charged by the Straw Law Firms to Defendant Popular was charged to each respective Plaintiff. This economic cost imposed upon Plaintiffs was the direct result of Defendant Popular's violation of the FDCPA because the Straw Law Firms did not provide any service, other than pretend that they were collecting on behalf of Defendant Popular.

55. Also, the invasion of Plaintiff's privacy resulted in severe emotional damages to Plaintiffs. For example, the confusion, distress, and fear created by the false and misleading representations in the Demand Letter resulted in severe emotional damages that but for Defendant's false, misleading, and deceptive representations would not have occurred. These emotional damages and risks resulted from precisely the sort of abusive debt collection practices which Congress sought to prevent in enacting the FDCPA.

56. But for Defendant's false and misleading collection actions, Plaintiffs would not have suffered the above damages.

57. As a result of Defendant's conduct, Plaintiffs are entitled to an award of actual damages and statutory damages pursuant to *15 U.S.C. §1692k* to remedy the economic damages created by Defendant's conduct.

58. As a result of Defendants' conduct, Plaintiffs are entitled to an award of costs and attorney fees pursuant to *15 U.S.C. §1692k.*

### V.   COUNT I – AGAINST DEFENDANT BPPR - VIOLATION OF *15 U.S.C. § 1692e*

59. Plaintiffs re-allege each and every previous allegation as if fully established herein.

60. Plaintiffs bring Count I on their own behalf and on behalf of others similarly situated.

61. *15 U.S.C. § 1692e* states:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section.

*See*, *15 U.S.C. § 1692e.*

62. Section 1692e provides a non-exhaustive list of conduct which is deemed to violate the FDCPA.

63. The Demand Letter that Defendant Popular caused to be mailed to Plaintiff – which is identical in form and verbiage to the Form Letter – violated one or more subsections of Section 1692e.

64. First, the Demand Letter violated Section 1692e because – in connection with the collection of a debt – it misrepresented the true debt collector.

11

65. Defendant BPPR was the true debt collector because it drafted the debt collection letter, it controlled the debt collection process, all response from the debt collection process were directed to Defendant BPPR, and Defendant BPPR received and collected all funds from the debt collection process.

66. Yet, to intimidate and frighten Plaintiff onto making payments, Defendant Popular misrepresented the identity of the debt collector as CC&S in this case, or one of the Straw Law Firms in any of the other thousands of cases.

67. The misrepresentation of the identify of the debt collector violated Section 1692e of the FDCPA.

68. Second, Section 1692e(2) provides that a "The false representation of . . . the character, amount, or legal status of any debt . . . ." violates the FDCPA.

69. In turn, Section 1692e(10) provides that "[t]he use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer" violates the FDCPA.

70. Defendant BPPR violated §1692e (2), and (10) by and through its failure to clearly and fairly communicate an itemization of the Consumer Debt to Plaintiffs in the Demand Letter.

71. As implemented by Regulation F, the FDCPA mandates that a debt collector provide a consumer with an itemization of the amount due; to include: interests, fees, payments and credits. *See*, 12 C.F.R. §1006.34(c)(2)(viii)).

72. The Demand Letter stated a total balance owed of $13,128.55; however, it failed to provide Plaintiffs with the required itemization of interests, fees, payments and credits since the itemization date.

73. Similarly, pursuant to Regulation F, the Debt collector must include fields - in the debt communication or enclosed in a separate page - for each of the above enumerated items; even if none of the items have been assessed or applied to the debt since the itemization date. Id.

74. Defendant Popular, by and through the Demand Letter, failed to comply with the disclosure requirements of Regulation F; accordingly, violation Section 1692e of the FDCPA.

75. Third, the Demand Letter also violated Section 1692e(3).

76. The FDCPA prohibits a debt collector from using false, deceptive, or misleading representation or means to collect a debt, including the false representation or implication that any individual is an attorney or that the communication is from an attorney. *See*, 15 U.S.C. § 1692e(3).

77. The Demand Letter falsely represented, or implied, that the communication was from an Attorney; to wit, from Defendant CC&S or one of the other Straw Law Firms.

78. Such representation was false because, in fact the Demand Letter was drafted, prepared and controlled by Defendant Popular.

79. All of the above in violation of 15 U.S.C. § 1692e(3).

80. Fourth, the FDCPA also prohibits a debt collector from the "use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." *See*, 15 U.S.C. § 1692e(10).

81. The false representation in the Demand Letter – that a third party beyond Defendant Popular was involved in the collection of the debt - was a false, misleading, or deceptive representation in violation of Section 1692e(10).

82. As a result of Defendant's conduct, and multiple violations of Section 1692e, Plaintiffs are entitled to an award of actual damages and statutory damages pursuant to *15 U.S.C. §1692k* to remedy the economic damages created by Defendant's conduct.

83. As a result of Defendants' conduct, Plaintiffs are entitled to an award of costs and attorney fees pursuant to *15 U.S.C. §1692k.*

**VI.    COUNT II- VIOLATIONS OF 15 U.S.C. §1692g AND 12 C.F.R. 1006.34**

84. Plaintiffs reallege each and every previous allegation as if fully established herein.

85. Plaintiffs bring Count II on their own behalf and on behalf of others similarly situated.

86. The FDCPA, pursuant to 15 U.S.C. § 1692g(a), expressly states the information that debt collectors must include in their initial communications with consumers. Regulation F, effective as of November 30, 2021, supplements § 1692g(a) with more explicit and detailed information that debt collectors must include in their initial communications in order to comply with the FDCPA. *See*, 12 C.F.R. § 1006.34(c)

87. Such information includes "the itemization date" (See, § 1006.34(c)(2)(vi)), "the amount of the debt on the itemization date" (See, § 1006.34(c)(2)(vii)), and "an itemization of the current amount of the debt reflecting interest, fees, payments, and credits since the itemization date"(See, § 1006.34(c)(2)(viii)). Itemization date means any one of the following five reference dates for which a debt collector can ascertain the amount of the debt: 1) last statement date, 2) charge-off date, 3) last payment date, 4) transaction date, 5) judgment date. *See*, 12 C.F.R. § 1006.34(b)(3).

14

88. Furthermore, Regulation F requires that the information provided in the initial communication be "clear and conspicuous" which means "readily understandable." *See*, 12 C.F.R. § 1006.34(b)(3).

89. Furthermore, under § 1006.34(c)(3)(iv), debt collectors collecting on a consumer finance product must furnish information regarding consumer's available rights as provided by the Consumer Financial Protection Bureau ("CFPB").  Specifically, Regulation F requires "a statement that informs the consumer that additional information regarding consumer protections in debt collection is available on the Bureau's website at www.cfpb.gov/debt-collection.". *See,* 12 C.F.R. § 1006.34(c)(3)(iv)

90. Defendant Popular violated 15 U.S.C. § 1692g(a) and 12 C.F.R. § 1006.34 by and through its failures to provide Plaintiff with the information required by Regulation F in the Demand Letter.

91. First, Defendant failed to provide the itemization date, in accordance with Regulation F.

92. Second, Defendant failed to provide a "clear and conspicuous" and/or "readily understandable initial communication, in accordance with Regulation F.

93. Third, Defendant failed to provide an itemization of the current amount of the debt reflecting interest, fees, payments, and credits since the itemization date.

94. Fourth, Defendant failed to provide a statement informing Plaintiffs that additional information regarding consumer protections in debt collection is available on the Bureau's website at www.cfpb.gov/debt-collection."

95. In summary, Defendant Popular failed to comply with Section 1692g, as implemented and supplemented by Regulation F.

96. As a result of Defendant Popular multiple violations of Section 1692g, Plaintiffs are entitled to an award of actual damages and statutory damages pursuant to *15 U.S.C. §1692k* to remedy the economic damages created by Defendant's conduct.

97. As a result of Defendants' conduct, Plaintiffs are entitled to an award of costs and attorney fees pursuant to *15 U.S.C. §1692k.*

### VII.  COUNT III - VIOLATION OF *15 U.S.C. § 1692j*

98. Plaintiffs re-allege each and every previous allegation as if fully established herein.

99. Plaintiffs brings Count III on their own behalf and on behalf of others similarly situated.

100. *15 U.S.C. § 1692j* states:

> (a) It is unlawful to design, compile, and furnish any **form** knowing that such form would be used to create the false belief in a consumer that a person other than the creditor of such consumer is participating in the collection of or in an attempt to collect a debt such consumer allegedly owes such creditor, **when in fact such person is not so participating.**
>
> (b) Any person who violates this section shall be liable to the same extent and in the same manner as a debt collector is liable under section 1692k of this title for failure to comply with a provision of this subchapter.

101. Before April 22, 2022, BPPR designed the Form Letter and furnished the same to the Straw Law Firms for them to send the Form Letters to consumers on behalf of Defendant BPPR as an attempt to collect on BPPR's debts.

102. The Form Letter was drafted, prepared and created by BPPR.

103. In public filings, one of the Straw Law Firms has confirmed that the Form Letter was drafted, prepared and created by Defendant BPPR.

104. BPPR designed the Form Letter to create the false belief in consumers that the Straw Law Firms were participating in the collection of the alleged debt.

105. BPPR, in designing and utilizing the Form Letter, violated Section 1692f of the FDCPA.

106. As a result of Defendant Popular violation of Section 1692j, Plaintiffs are entitled to an award of actual damages and statutory damages pursuant to *15 U.S.C. §1692k* to remedy the economic damages created by Defendant.

107. As a result of Defendant's conduct, Plaintiffs are entitled to an award of costs and attorney fees pursuant to *15 U.S.C. §1692k.*

## VIII.   CLASS ALLEGATION

108. Plaintiff re-alleges each and every previous allegation as if fully established herein.

109. Plaintiff brings Count I, Count II, and Count III on their own behalf and on behalf of others similarly situated (a class), pursuant to Fed. R. Civ. P. 23(a) and (b)(3).

110. The Class consists of: (a) all natural persons with a Puerto Rico address; (b) who were sent a letter in the forms represented by **Exhibit A**; (c) on or after a date one year prior to the filing of this action; and (d) on or before a date 20 days after the filing of this Complaint.

111. The class members are so numerous that joinder is impracticable.

112. Upon information and belief, based on the use of the Form Letter by dozens of law firms who serve as Straw Law Firms on behalf of Defendant Popular, there are more than 1,000 natural persons with a Puerto Rico address in the class defined herein.

113. There are questions of law and fact common to all class members, which predominate over any question that affects only individual class members.

114. The predominant questions are:

(a) Whether **Exhibit A** is a form letter.

    (b) Whether Defendant Popular, in drafting, using and applying the Form Letter as alleged herein, is a debt collector under the FDCPA;

    (c) Whether **Exhibit A** violates the FDCPA; and

    (d) The liability of BPPR for the action of sending or causing to send **Exhibit A**.

115. Plaintiff's claim is typical of the claims of the class members. All are based on the same factual and legal theories.

116. Plaintiffs will fairly and adequately represent the interest of the class members. Plaintiffs have retained counsel experienced in consumer credit and debt collection abuse cases.

117. A class action is superior to other alternative methods of adjudicating this dispute, in that:

    a. Individual cases are not economically feasible,

    b. Many consumers may not realize their rights are violated, and

    c. Congress prescribed class actions as a principal enforcement mechanism under the FDCPA.

### COUNT IV - VIOLATION OF *15 U.S.C. § 1692e (3)* AGAINST COLLAZO, CONNELLY & SURILLO, LLC.

118. Plaintiffs re-alleges each and every previous allegation as if fully established herein.

119. Defendant CC&S is a debt collector and is subject to the FDCPA.

120. For example, Defendant CC&S serves as a foreclosure attorney for Defendant Popular and multiple other creditors. Upon information and belief, Defendant CC&S has served as foreclosure counsel for BPPR in thousands of actions over the last ten years.

121. Moreover, Defendant CC&S conducts its activities via the use of interstate commerce; such as: (a) us mail, (b) internet, and (c) interstate telephone calls.

122. Accordingly, Defendant CC&S is a debt collector because it regularly engages in the collection of debt due or asserted to be due to others.

123. *15 U.S.C. § 1692e(3)* states:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
> …
>
> (3) The false representation or implication that any individual is an attorney or that any communication is from an attorney;

124. The Demand Letter was sent on Defendant CC&S' letterhead and signed by Attorney Connelley Pagan, but the Demand Letter was prepared and sent without any meaningful attorney involvement of Connelley Pagan.

125. Defendant CC&S falsely represented to Plaintiffs that the Demand Letter was sent by Defendant CC&S, when in fact, Defendant CC&S has previously stated that the Demand Letter is "a template provided by BPPR and Defendants are not authorized to make changes to it." *See*, Torres Melendez v. Collazo Conelly & Surillo, LLC., Case #19-00400-ESL, Dk. #63.

126. The FDCPA prohibits a debt collector from using false, deceptive, or misleading representation or means to collect a debt, including the false representation or implication that any individual is an attorney or that the communication is from an attorney. *See*, 15 U.S.C. § 1692(3),and (10).

127. Defendant CC&S' false, deceptive and misleading Demand Letter violated 15 U.S.C. § 1692(3),(10).

128. Defendant's CC&S' false representation that they had been engaged as legal counsel – when in fact they were paid a flat fee for the mere mailing (i.e., the renting of their

letterhead and attorney signature), confused Plaintiffs into believing that licensed attorneys had reviewed their file and that their home was in imminent danger of foreclosure

129. As a result of Defendants' omissions, as well as false representations, unfair and deceptive actions, Plaintiffs suffered economic and emotional damages and injuries.

130. As a result of Defendants' conduct, Plaintiffs are entitled to an award of statutory damages pursuant to *15 U.S.C. §1692k*.

131. As a result of Defendants' conduct, Plaintiffs are entitled to an award of costs and attorney fees pursuant to *15 U.S.C. §1692k*

**WHEREFORE**, in view of the foregoing, Plaintiffs respectfully request from this Honorable Court to enter a judgment in favor of the Plaintiffs and the class members, granting Plaintiffs and the class members the remedies requested in this Complaint and such other remedies as may be fair and equitable.

**RESPECTFULLY SUBMITTED**

In San Juan, Puerto Rico this 21st day of April 2023.

**THE BATISTA LAW GROUP, PSC.**
P.O. Box 191059
San Juan, PR. 00919
Telephone: (787) 620-2856
Facsimile: (787) 777-1589

/s/ Jesus E. Batista Sánchez, Esq.
Jesus E. Batista Sanchez, Esq.
USDC-PR No. 227014
E-mail: jeb@batistasanchez.com

/s/ Alfredo D. Frontera Luciano, Esq.
Alfredo D. Frontera Luciano, Esq.
USDC-PR No. 308913
E-mail: adf@batistasanchez.com